```
IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK


ROBERTO MORALES,              )
                              )
            Plaintiff,        )        9: 07 CV 416
                              )
      v.                      )
                              )
SUBARU RAMINENI, Doctor,      )        MEMORANDUM OPINION
Mid-State Correctional        )
Facility,                     )
                              )
            Defendant.        )
_____)
```

## I. INTRODUCTION

This matter is before the Court on defendant's motion for summary judgment (Filing No. 19). Upon review of the motion, the local rule 7.1(a)(3) statements, the memoranda and evidentiary submissions of the parties, and the applicable law, the Court finds that the motion should be granted.

## II. BACKGROUND

Roberto Morales is an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). Morales complains that Subaru Ramineni, M.D., has failed to treat his painful medical condition, which Morales believes involves his pancreas or perhaps Crohn's disease. Morales bases this belief on the presence of certain symptoms he states he has experienced, including among others bleeding, oily stool, abdominal pain, mottled skin, cramps, loss of weight and loss of appetite. Morales offers medical literature which tends to show that these symptoms are consistent with chronic pancreatitis. However, the

parties dispute whether Morales' symptoms indicate that he suffers from a pancreas condition.

There have been several attempts to diagnose Morales' ailments.  In November, 2000, Morales was given a blood test.  In March, 2001, an abdominal sonography was performed on Morales.  In August, 2001, a CAT scan was performed.  In December, 2002, a KUB (kidneys, ureters, and bladder) was performed.  In January, 2003, Morales received the results of another blood test.  In May, 2003, a colonoscopy and upper endoscopy were performed.  In August, 2004, plaintiff received the results of another blood test.  In March, 2005, an abdominal sonography was performed.  In April and June, 2005, in May, 2006, and in March, 2007, Morales received the results of additional blood tests.  Morales has also been prescribed Prilosec and Zantac for heartburn caused by excess stomach acid.

Morales sued Ramineni on April 18, 2007, alleging that Ramineni violated his Eighth Amendment rights.  He prays for $500,000.00 in damages.  (*See* Filing No. 5, at 6.)  Ramineni's motion for summary judgment (Filing No. 19) followed.

III. SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, all reasonable factual inferences must be drawn in favor of the non-moving party.  *See, e.g.*, *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003)(citing *Anderson v. Liberty Lobby,* 477 U.S. 242,

255 (1986)).  However, to survive a motion for summary judgment, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted) (quoting Fed. R. Civ. P. 56(e)). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact."  *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted). Thus, "statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."  *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999) (citations omitted).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Vann v. City of New York,* 72 F.3d 1040, 1048 (2d Cir. 1995) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)). A party "moving for summary judgment must prevail if the [non-movant] fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case."  *Allen v. Cuomo,* 100 F.3d 253, 258 (2d Cir. 1996)(citing *Anderson,* 477 U.S. at 247-48).

IV. DISCUSSION

Morales brings this action pursuant to 42 U.S.C. § 1983. In order to prevail on his claims, Morales must present evidence sufficient to allow a reasonable jury to conclude that conduct by a person acting under color of state law proximately caused a deprivation of his federally protected rights. *See* § 1983. Here there is no question that when Morales alleges conduct by prison staff, he is complaining of conduct by persons acting under color of state law. The key question is whether that conduct deprived him of any federally protected rights.

Morales' claim that Ramineni failed to diagnose and treat him appropriately is properly analyzed under the Eighth Amendment. The Amendment prohibits the infliction of "cruel and unusual punishments" and is applicable to the states by incorporation into the Due Process Clause of the Fourteenth Amendment. U.S. Const. amends. VIII, XIV; *See Robinson v. California*, 370 U.S. 660, 666-67 (1962). To prove a violation of the Eighth Amendment, Morales must satisfy both objective and subjective inquiries. *See Trammell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003).

First, Morales must make a showing sufficient to establish a genuine issue of fact that "the deprivation alleged is 'objectively sufficiently serious' such that [he] was denied 'the minimal civilized measure of life's necessities . . . .'"

*Trammell*, 338 F.3d at 161.  Morales has provided evidence that he chronically suffers from several painful symptoms.  (*See generally* Filing No. 26.)  He asserts that Ramineni's failure to alleviate these symptoms is objectively sufficiently serious to satisfy this prong.  Granting Morales the benefit of all reasonable inferences, the pain he reports over the span of time he has complained of could be sufficiently serious to satisfy the objective test.

However, in order to avoid summary judgment, Morales must also make a showing sufficient that a reasonable jury could find that the defendants "possessed a 'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'"  *Trammell*, 338 F.3d at 161.  "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Rather, officials must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The requirement of deliberate indifference is fatal to Morales' claim. At most, Morales' evidence could be construed to suggest that Ramineni was negligent. The Court does not believe that he was. But even if one assumes that Ramineni should have diagnosed and treated Morales differently than he did, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). It is Morales' burden to prove not that Ramineni was negligent, but that he was deliberately indifferent to his suffering. Morales has provided no evidence to this effect and does not dispute Ramineni's evidence that he attempted, through the use of various tests over several years, to properly diagnose Morales. A physician who repeatedly orders tests in an effort to diagnose a patient's medical condition is not exhibiting a state of mind associated with the unnecessary and wanton infliction of pain. It is therefore unnecessary for the Court to determine whether Ramineni or Morales is correct about Morales' condition. Because Ramineni was not deliberately indifferent, Morales cannot recover. Thus, this case should be dismissed.

## V. CONCLUSION

For the reasons stated herein, the defendant's motion for summary judgment will be granted; the plaintiff's complaint

will be dismissed.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 28th day of April, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court